UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---

**DOMINIQUE HANKTON**, and
**WILLIE RAY DAVIS,**
Individually and on behalf of all other
similarly situated current and former employees,

                Plaintiffs,

                **CASE NO.** 17-cv-6441

v.

**TACI INVESTMENTS, INC.,**
a Texas Corporation,
**KAMAL P. SINGH, SANJAY MEHRA,**
**MOHAMMAD H. TILY**, and
**REFEICK ALI**, individually    **FLSA Opt-In Collective Action**

                **JURY DEMANDED**

            Defendants.

---

**COLLECTIVE ACTION COMPLAINT UNDER THE**
**FAIR LABOR STANDARDS ACT FOR UNPAID WAGES**

---

## I. INTRODUCTION

1. Plaintiffs Dominique Hankton and Willie Ray Davis, individually, and on behalf of all others similarly situated, (collectively "Plaintiffs") hereby files their Collective Action Complaint against TACI Investments, Inc., a Texas Corporation, Kamal P. Singh, Sanjay Mehra, Mohammad H. Tily and Refeick Ali, individually, (collectively "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.,* to recover, *inter alia*, unpaid overtime wages, liquidated damages, costs, attorneys' fees, and declaratory and injunctive relief. Pursuant to 29 U.S.C. § 216(b), named Plaintiffs also seek to represent all other similarly situated current and former employees, as described herein,

1

who have not been paid their lawful overtime wages owed to them under the FLSA and to have this action certified as an opt-in collective action.

2. Named Representative Plaintiffs, Dominique Hankton and Willie Ray Davis, were employees of Defendant TACI Investments, Inc., ("TACI") and its owners, Defendants Kamal P. Singh, Sanjay Mehra, Mohammad H. Tily, and Refeick Ali, at all times relevant to this action. Specifically, Plaintiffs Hankton, Davis and the class worked for Defendants as Assistant Managers.

3. This lawsuit is brought against Defendants as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation for Plaintiffs and other similarly situated employees who are members of a class as defined herein and currently or previously employed by Defendants.

4. At all times material to this Complaint, Plaintiffs and the class performed non-exempt labor duties on behalf of TACI.

5. Plaintiffs and the class have been employed by TACI for various times and some are currently still employed by TACI and have continued to work for TACI during such time.

6. Based on the information preliminarily available, and subject to discovery in this cause, TACI did not compensate Plaintiffs, and those similarly situated employees of TACI, for all overtime hours worked in excess of forty (40) per week during all times relevant to this Complaint.

## II. JURISDICTION AND VENUE

7. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs and the class' FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because TACI regularly conducts business in this district and thus is subject to personal jurisdiction within this judicial district.

### III.    CLASS DESCRIPTION

9. Plaintiff brings this action on behalf of the following similarly situated persons:

> All current and former employees classified as Assistant Managers or Assistant Unit Managers of TACI's Kentucky Fried Chicken ("KFC") franchised restaurants, TACI's Kentucky Fried Chicken/Taco Bell ("KFC/Taco Bell") franchised restaurants, TACI's Kentucky Fried Chicken/Long John Silver's ("KFC/LJS") franchised restaurants and TACI's other franchised restaurants located in the United States who work (or have worked) at such TACI's restaurants at any time during the applicable limitation's period covered by this Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are the Named Plaintiffs and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").[1]

### IV. PARTIES

10. Defendant TACI is a Texas Corporation with its principal executive office located at 11707 Lismore Lake Drive, Cypress, Texas 77429. During all periods relevant to this litigation, TACI was an "employer" of Plaintiffs and similarly situated workers as that term is defined

---

[1] Plaintiffs reserve the right to amend the Class Description upon the discovery of additional information.

in the FLSA, 29 U.S.C. §203(d). According to the Louisiana Secretary of State, TACI may be served through its registered agent for service of process: Refeick Ali, 2830 N Westport Drive, Port Allen, Louisiana 70767.

11. Defendant Kamal P. Singh, upon information and belief, is an adult individual and resident of the State of Texas and who, at times relevant to this Complaint, has been the President, Director and owner of TACI. Defendant Singh, upon information and belief, exercised operational control over significant aspects of TACI's day-today functions and is therefore individually liable for any violation of the FLSA. Defendant Singh was an "employer" of Plaintiff and similarly situated workers as that term is defined in the FLSA, 29 U.S.C. §203(d). Defendant Singh may be served for purposes of process at 11707 Lismore Lake Drive, Cypress, Texas 77429.

12. Defendant Mohammad H. Tily, upon information and belief, is an adult individual and resident the State of Texas and who at all times relevant to this Complaint, has been the Secretary and owner of TACI. Defendant Tily, upon information and belief, exercised operational control over significant aspects of TACI's day-today functions and is therefore individually liable for any violation of the FLSA. During all periods relevant to this litigation, Defendant Tily was an "employer" of Plaintiff and similarly situated workers as that term is defined in the FLSA, 29 U.S.C. §203(d). Defendant Tily may be served for purposes of process at 10811 Nobility Drive, Houston, Texas 77099.

13. Defendant Refeick Ali, upon information and belief, is an adult individual and resident of the State of Louisiana and who, at all times relevant to this Complaint, has been a Director and owner of TACI. Defendant Ali, upon information and belief, exercised operational control over significant aspects of TACI's day-today functions and is therefore individually

liable for any violation of the FLSA. Defendant Ali, upon information and belief, is an adult individual and resident the State of Louisiana and who at all times relevant to this Complaint, has been the Secretary and owner of TACI. During all periods relevant to this litigation, Defendant Ali was an "employer" of Plaintiff and similarly situated workers as that term is defined in the FLSA, 29 U.S.C. §203(d). Defendant Ali may be served for purposes of process at 2830 N Westport Drive, Port Allen, Louisiana 70767.

14. Defendant Sanjay Mehra, upon information and belief, is an adult individual and resident of the State of Texas and who, at times relevant to this Complaint, has been the Vice President and owner of TACI. Defendant Mehra, upon information and belief, exercised operational control over significant aspects of TACI's day-today functions and is therefore individually liable for any violation of the FLSA. During all periods relevant to this litigation, Defendant Mehra was an "employer" of Plaintiff and similarly situated workers as that term is defined in the FLSA, 29 U.S.C. §203(d). Defendant Mehra may be served for purposes of process at 5927 Union Springs, Sugarland, Texas 77479.

15. Defendants constitute an integrated enterprise as defined by the FLSA because Defendants' related activities (i.e. jointly owning and operating restaurant franchises)  performed (either through unified operation or common control) by any person or persons [are] for a common business purpose as that term is defined in the FLSA, 29 U.S.C. § 203(r).

16. Plaintiff Hankton is an adult resident citizen Louisiana, domiciled in Orleans Parish, and was previously employed by TACI as an Assistant Manager at TACI's KFC restaurants in New Orleans, Gonzales and Baton Rouge, Louisiana, at all times relevant to this Complaint. (Plaintiff Hankton's "Consent to Join" this lawsuit is attached as Exhibit A).

17. Plaintiff Davis is an adult resident citizen Louisiana, domiciled in Tangipahoa Parish, and was previously employed by TACI as an Assistant Manager at TACI's KFC restaurants in Baton Rouge, Louisiana, at all times relevant to this Complaint. (Plaintiff Davis' "Consent to Join" this lawsuit is attached as Exhibit B).

## V. ALLEGATIONS

18. TACI is a large KFC, Taco Bell and Long John Silver's franchisee and, upon information and belief, owns and operates KFC, KFC/Taco Bell, KFC/LJS and other restaurants in several states across the southeastern United States, including Texas, Louisiana, Alabama, Florida, Georgia, South Carolina, North Carolina and others.

19. The primary function of TACI's KFC, KFC/Taco Bell, KFC/LJS and other restaurants is to prepare and sell food and beverage items to customers.

20. TACI is and/or has been the "employer" of the Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this Complaint.

21. Plaintiffs and all other similarly situated persons are current or former employees of TACI.

22. TACI employed Plaintiffs and those similarly situated and was responsible for establishing and administering pay policies and practices, including pay classifications and overtime pay rates, during all times relevant to this Complaint.

23. Decisions regarding Plaintiffs' and other members of the class' compensation and other terms of employment, upon information and belief, were made through TACI centralized management and was done under the direction and control of Kamal P. Singh, Refeick Ali, Mohammad H. Tily, and Sanjay Mehra. TACI has had a centralized plan, policy and practice (scheme) of establishing and administering pay practices for its employees classified as Assistant Managers.

24. Defendants employed Plaintiffs and those similarly situated and were responsible for establishing and administering pay policies and practices, including pay classifications, salaries and overtime pay rates, during all times relevant to this Complaint.

25. Defendants implemented a common plan, policy and practice of working Assistant Managers in excess of forty (40) hours per week with paying them one-and-one-half (1.5) times their regular hourly rate for all hours worked over forty (40) per week.

26. At all times material to this action, Plaintiffs and those similarly situated are or have been "employees" of TACI as defined by Section 203(e)(1) of the FLSA and, worked for TACI within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

27. At all times material to this action, TACI has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

28. At all times material to this action, TACI has been subject to the pay requirements of the FLSA because it is an enterprise in interstate commerce and its employees are engaged in interstate commerce.

29. TACI's KFC, KFC/Taco Bell, and KFC/LJS restaurants employ individuals classified as Assistant Managers whose primary duties are non-managerial in nature and whose principal duties are to prepare and serve food items to TACI's customers.

30. As assistant managers, the primary duties of Plaintiffs and similarly situated putative class members were cleaning, taking orders, servicing customers, and preparing, cooking, and packaging food. Plaintiffs and putative class members spent a vast majority of their work-time performing such duties.

31. TACI paid Plaintiffs Hankton and Davis and other similarly situated employees classified as Assistant Managers for fifty (50) hours per week, all at the straight time rate of approximately $10.00 per hour, even though Plaintiffs routinely worked over fifty (50) hours per week.

32. TACI failed to pay Plaintiffs and other similarly situated employees classified as Assistant Managers proper overtime compensation for all hours worked in excess of forty (40) hours per week during the relevant statutory limitations' period.

33. Plaintiffs and other similarly situated employees TACI classified as Assistant Managers who have not been paid overtime compensation for all hours worked in excess of forty (40) hours per week, during the relevant statutory limitations' period, are entitled to receive all such overtime compensation due to them from TACI.

34. The net effect of TACI's plan, policy and practice of not paying Plaintiffs and other similarly situated employees classified as Assistant Managers overtime compensation for all hours worked in excess of forty (40) hours per week, during the relevant statutory limitations' period, was a scheme to save payroll costs and payroll taxes for which TACI has enjoyed ill gained profits at the expense of Plaintiffs Hankton and Davis and other members of the class.

35. Although at this stage Plaintiffs Hankton and Davis are unable to state the exact amount owed to them and other members of the class, they believe such information will become available during the course of discovery.  However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI.   COLLECTIVE ACTION ALLEGATIONS

36. Plaintiffs bring this action on behalf of themselves and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

37. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

38. The members of the class are so numerous that joinder of all other members of the class is impracticable.  While the exact number of the other members of the class is unknown to Plaintiff at this time and, can only be ascertained through applicable discovery, Plaintiff believes there are more than 100 individuals in the class.

39. The claims of Plaintiffs are typical of the claims of the class.  Plaintiffs and the other members of the class work or have worked for TACI at its KFC, KFC/Taco Bell, KFC/LJS or other restaurants and were subject to the same operational, compensation, classification and timekeeping plans, policies and practices, including the failure of TACI to pay Plaintiff and other employees classified as Assistant Managers overtime compensation under the FLSA for all hours worked in excess of forty (40) hours per week during the relevant statutory limitations' period.

40. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

    - Whether Plaintiffs and other members of the class were misclassified as exempt from the FLSA.

    - Whether Plaintiffs and other members of the class were expected and/or required to work hours without compensation;

    - Whether Defendants suffered and permitted Plaintiffs and other members of the class to work hours without proper compensation;

- Whether Defendants failed to pay Plaintiffs and other members of the class all overtime compensation due them for all hours worked in excess of forty (40) hours per week;

- The correct statutes of limitations for Plaintiffs' claims and the claims of the other members of the class;

- Whether Plaintiffs and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendants are liable for interest, attorneys' interest, fees, and costs.

41. Plaintiffs will fairly and adequately protect the interests of the class as their interests are aligned with those of the other members of the class. Plaintiffs have no interests adverse to the class and, Plaintiffs have retained competent counsel who are experienced in collective action litigation.

42. Collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

43. Plaintiffs and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented and administered by TACI.

## COUNT I

### **RECOVERY OF OVERTIME COMPENSATION**

44. Plaintiffs, on behalf of themselves and the class, repeat and re-allege Paragraphs 1 through 42 above, as if they were fully set forth herein.

45. At all relevant times, TACI has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Plaintiffs and class members also have engaged in interstate commerce during all relevant times to this Complaint.

46. At all relevant times, TACI employed (and/or continues to employ) Plaintiffs and each of the other members of the class within the meaning of the FLSA.

47. At all times relevant, TACI had a uniform plan, policy and practice of willfully refusing to pay the federal applicable overtime compensation to Plaintiffs and other members of the class for all hours worked in excess of forty (40) hours per week.

48. At all times relevant, TACI had actual and/or constructive knowledge of willfully refusing to pay the federal applicable overtime compensation to Plaintiffs and other members of the class for all hours worked in excess of forty (40) hours per week.

49. At all times relevant, TACI did not have a good faith basis for its failure to pay the federal applicable overtime compensation to Plaintiffs and other members of the class for all hours worked in excess of forty (40) hours per week.

50. As a result of TACI's willful failure to pay Plaintiffs and other members of the class the applicable federal applicable overtime compensation for all hours worked over forty (40) per week during the relevant statutory limitations' period, it has violated the FLSA, 29 U.S.C. §§ 201, *et seq.*

51. TACI's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

52. Due to TACI's willful FLSA violations and, and its lack of good faith, in its failure to pay Plaintiffs and the other members of the class the federal applicable overtime compensation for all hours worked in excess of forty (40) hours per week during the relevant statutory limitations' period, they are entitled to recover from TACI compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs, individually and/or on behalf of themselves and all other similarly situated members of the class demand judgment, jointly and severally, against Defendants, TACI Investments, Inc., Kamal P. Singh, Refeick Ali, Mohammad H. Tily, and Sanjay Mehra, as well as to request this Court to grant the following relief against TACI Investments, Inc., Kamal P. Singh, Refeick Ali, Mohammad H. Tily, and Sanjay Mehra:

- A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);
- B. An award of compensation for unpaid and underpaid overtime wages to Plaintiffs and other members of the class that Defendants have failed and refused to pay in violation of the FLSA;
- C. An award of liquidated damages to Plaintiffs and other members of the class;

D. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs and other members of the class;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs and other members of the class;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action;

G. A Declaration that Plaintiffs and other members of the class were entitled to unpaid overtime damages to be proven at trial;

H. A Declaration that Defendants have willfully violated the FLSA;  and

I. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **trial by jury** on all issues so triable.

Dated: July 1, 2017

Respectfully Submitted,

By:       /s/   Kenneth C. Bordes                      .
**Kenneth C. Bordes (Bar #35668)**
**KENNETH C. BORDES,**
**ATTORNEY AT LAW, LLC**
2725 LAPEYROUSE ST.
NEW ORLEANS, LA 70119
P: 504-588-2700
F: 504-708-1717
E: KCB@KENNETHBORDES.COM

&

**Gordon E. Jackson\*** (TN BPR #08323)
**J. Russ Bryant\*** (TN BPR #33830)
**Paula R. Jackson\*** (TN BPR #20149)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee  38018
Tel:  (901) 754-8001
Fax:  (901) 759-1745
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*pjackson@jsyc.com*

*\*Pro Hac Vice Admission Anticipated*

*Attorneys for Named Plaintiffs, on behalf of themselves and all other similarly situated current and former employees*

## NOTICE AND REQUEST FOR WAIVER

Plaintiffs' counsel will send waiver forms with requested returns pursuant to Federal Rule of Civil Procedure 4(d).