UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DOMINIQUE HANKTON, et al.**            **CIVIL ACTION**

**VERSUS**            **CASE NO. 17-6441**

**TACI INVESTMENTS, INC., et al.**            **SECTION: "G" (2)**

**ORDER**

Before the Court is the parties' "Joint Motion to Suspend Pre-Trial Deadlines."[1] The parties contend that they have reached a stipulated settlement and are currently drafting a Joint Motion to Approve the Settlement Agreement.[2] Currently, a joint pretrial order is due December 12, 2018, the pretrial conference is December 18, 2018 at 2:00 p.m., and proposed jury instructions, jury interrogatories, trial memoranda, and motions in limine are due by December 28, 2018.[3] Trial is set to commence on January 7, 2019.[4] The parties assert that they have reached a settlement in principle with respect to Plaintiffs' wage claims under the Fair Labor Standards Act.[5] However, the parties state that they have not reached an agreement with respect to Plaintiffs' request for attorneys' fees and costs.[6] The parties state that they are preparing a Joint Motion to Approve the

---

[1] Rec. Doc. 41.

[2] *Id.* at 1.

[3] Rec. Doc. 29.

[4] *Id.*

[5] Rec. Doc. 41 at 2.

[6] *Id.*

1

Settlement Agreement, which they intend to file by December 18, 2018.[7] The parties state that they are still negotiating Plaintiffs' request for attorneys' fees and costs, and they will submit the resolution of this award to the Magistrate Judge if they cannot reach an agreement by December 18, 2018.[8] Therefore, the parties request that the Court "suspend all pre-trial deadlines pending the Parties' submission of their forthcoming joint motion to approve the Parties' stipulated settlement."[9]

Federal district courts have the inherent power to enforce their scheduling orders,[10] and Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[11] Whether to grant or deny a continuance is within the sound discretion of the trial court.[12] In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's."[13]

Here, the Court finds that the parties have established good cause for suspending the pre-trial deadlines in this matter. Although the parties have indicated that they reached a settlement in principle with respect to Plaintiffs' wage claims under the Fair Labor Standards Act, they have not

---

[7] *Id.*

[8] *Id.* at 2.

[9] Rec. Doc. 41 at 1.

[10] *See Flaska v. Little River Marine Const. Co.*, 389 F.2d 885, 886 & n.3 (5th Cir. 1968) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)).

[11] Fed. R. Civ. P. 16(b)(4).

[12] *United States v. Alix*, 86 F.3d 429, 434 (5th Cir.1996).

[13] *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (internal citations omitted).

reached an agreement with respect to Plaintiffs' request for attorneys' fees and costs. If they cannot agree on attorneys' fees by December 18, 2018, they will submit the matter to the magistrate judge for resolution. Accordingly, it does not appear there will be the need for a trial before this Court.

**IT IS HEREBY ORDERED** that the parties' "Joint Motion to Suspend Pre-Trial Deadlines"[14] is GRANTED.

**IT IS FURTHER ORDERED** that all pre-trial deadlines are suspended pending submission of the parties' Joint Motion to Approve the Settlement Agreement.

**NEW ORLEANS, LOUISIANA**, this  3rd  day of December, 2018.

    _____
    **NANNETTE JOLIVETTE BROWN**
    **CHIEF JUDGE**
    **UNITED STATES DISTRICT COURT**

---

[14] Rec. Doc. 41.