UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DOMINIQUE HANKTON,** | * | **CIVIL ACTION** |
| **WILLIE RAY DAVIS,** | | **NO. 2:17-cv-06441** |
| on behalf of themselves and all | * | |
| those similarly situated | | |
| | * | **JUDGE NANNETTE** |
| **VERSUS** | | **JOLIVETTE BROWN** |
| | * | |
| **TACI INVESTMENTS, INC.,** | | |
| **KAMAL P. SINGH, SANJAY** | * | **MAGISTRATE JUDGE** |
| **MEHRA, MOHAMMED H. TILY,** | | **JOSEPH C. WILKINSON** |
| **REFEICK ALI** | * | |

\*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM IN SUPPORT OF**
**JOINT MOTION FOR APPROVAL OF ATTORNEY'S FEES AND COSTS**

Plaintiffs, Dominique Hankton and Willie Ray Davis and Defendants, TACI Investments, Inc., Kamal P. Singh, Sanjay Mehra and Reffick Ali, improperly named Refeick Ali (Plaintiffs and Defendants sometimes collectively referred to as the "Parties") submit their Memorandum in Support of their Joint Motion for Approval of Attorney's Fees and Costs as follows:

**I.   INTRODUCTION**

By the contemporaneously-filed joint motion, the Parties have moved this Court to approve the amount of attorney's fees and costs recoverable under the Fair Labor Standards Act ("FLSA") and Louisiana state law in the above-captioned matter to which the Parties and their counsel have agreed. The Parties have agreed on the amount of attorney's fees and costs owed in the amount of $20,000. Because the proposed attorney's fees and costs are fair and reasonable, the Parties request that this Court grant their Joint Motion for Approval of Attorney's Fees and Costs, all as more fully explained and set forth below.

1

## II.   FACTUAL AND PROCEDURAL BACKGROUND

TACI owns and operates several franchise fast-food restaurants throughout Louisiana; specifically, in Baton Rouge, New Orleans, Gonzales, Hammond, and Port Allen, Louisiana ("TACI Restaurants"). At each of the TACI Restaurants, TACI employs Assistant Unit Managers ("Assistant Managers"), who report to a Restaurant General Manager ("RGM"). An Assistant Manager's specific duties are determined by his or her respective RGM, but generally fall within one of more of the following categories: ensuring that all federal and local health and safety codes and company safety and security policies are met; assisting with recruiting, interviewing, and training new group members; and, preparing the draft projections and financials for the RGM's review.

Plaintiff Hankton was employed by TACI from approximately July 7, 2015 to June 5, 2017, working as an Assistant Manager at TACI Restaurants in Gonzales, Baton Rouge, and Port Allen, Louisiana, and later as a Shift Supervisor at the TACI Restaurant in New Orleans, Louisiana. Plaintiff Davis was employed by TACI from approximately July 7, 2015 to June 4, 2017, first as Shift Supervisor at the TACI Restaurant in Hammond, Louisiana and later as an Assistant Manager at the TACI Restaurant in New Orleans, Louisiana. During Plaintiffs' employment with TACI, TACI paid Assistant Managers a bi-weekly salary of $1,000.00.

On July 1, 2017, Plaintiffs filed this FLSA suit on behalf of themselves and all others similarly situated for overtime wages. (*Rec. Doc. 1*) In the Complaint, Plaintiffs alleged that TACI misclassified Assistant Managers as exempt from the FLSA's overtime requirements because Assistant Managers allegedly spent a majority of their working time performing non-managerial tasks. Due to this alleged misclassification, Plaintiffs contended that they and other Assistant Managers at TACI's restaurants were improperly denied overtime wages for their work in excess

2

of forty (40) hours per week. Plaintiffs later amended their Complaint to include three new alleged FLSA violations. (*Rec. Doc. 22*) Specifically, in the Amended Complaint, Plaintiffs sought to certify four classes of plaintiffs: (1) Assistant Managers and/or Shift Supervisors at all TACI Restaurants who were paid on an hourly basis and who allegedly performed work off the clock and for which they were not compensated; (2) Assistant Managers at all TACI Restaurants who were misclassified as except from FLSA's overtime wage requirements; (3) all hourly and "misclassified" salaried General Managers, Assistant Managers, and/or Shift Supervisors who received a performance bonus which was not calculated into their regular hourly rate for purposes of calculating the proper overtime rate; and, (4) all salaried Assistant Managers and/or Shift Supervisors at TACI's Gonzales locations who were promised gas money in addition to their regular wages as an incentive to commute from either Baton Rouge or New Orleans. After some motion practice, the Parties jointly consented to conditional certification of one class comprised of only Assistant Managers who worked or were working at TACI Restaurants between July 7, 2015 and July 1, 2017. Only five employees fit this criteria and notifications were issued to these individuals. None elected to opt-in to the instant suit.

Through the course of discovery, counsel for the Parties exchanged relevant payroll and personnel data, time records policies and procedures and other records in connection with the evaluation and negotiation of a settlement. A separate individualized analysis of time and payroll records was performed by the Parties' respective counsel and compared with the allegations and claims asserted by Plaintiffs. From this individualized analysis, the Parties negotiated, determined, and calculated a compromise amount to be paid to Plaintiffs for settlement of all claims, with the exception of Plaintiffs' claims for reasonable attorneys' fees and costs. The Parties reached an agreement on the terms of a Confidential Receipt, Release and Settlement Agreement, which the

Parties filed under seal with Court approval, and jointly moved the Court to approve the settlement of the wage dispute. (*Rec. Doc. 52*) On February 11, 2019, this Honorable Court granted the Parties' Joint Motion for Approval of the Settlement Agreement and to Dismiss Claims with Prejudice and dismissed all claims with prejudice, except Plaintiffs' claim for a reasonable attorneys' fee award, which the Parties agreed to submit to Magistrate Judge if no agreement could be reached within two weeks of the Court's Order, or by February 25, 2019.

The Parties reached an agreement on the amount of attorney's fees and costs owed on February 25, 2019 and advised the Court of the same. The Parties now seek Court approval of the amount of attorney's fees and costs owed. The Parties jointly request that the Court approve of the Parties' agreed to attorney's fees and costs as follows:

1. Within thirty (30) days of the Court approving the amount of attorney's fees and costs owed, Defendant shall pay TWENTY THOUSAND DOLLARS AND NO/100 ($20,000.00);

2. The Parties shall waive and release all claims that they had, have or may have against each other related to Plaintiffs' employment; and,

3. Neither the payments herein nor the Order Approving Attorney's Fees and Costs shall constitute or shall heretofore be represented as any admission, finding, conclusion or judgment of any violation on behalf of Defendants or liability to Plaintiffs, or any other violation or liability whatsoever.

The Parties have had a full, informed opportunity to review and analyze the timesheets and billing records provided by Plaintiffs' counsel. Furthermore, the Parties reviewed and analyzed the objections to the time entries asserted by Defendants. While the Parties are not in agreement about all inferences that might properly be drawn from such, they are confident that

continued litigation of the amount of attorney's fees and costs would not produce results more economically beneficial than this stipulated amount submitted to the Court.

Defendants deny any liability whatsoever, but the Parties recognize that these claims would require the Parties to incur substantial fees and costs to litigate to final judgment and the Parties share concerns about these litigation costs. Plaintiffs believe that the agreed amount of attorney's fees and costs owed reflects a reasonable amount of attorney's fees and costs for prosecution of these FLSA claims. Accordingly, the Parties jointly move this Court to approve the amount of attorney's fees and costs owed for this action.

### III. APPROVAL OF THE AMOUNT OF ATTORNEY'S FEES AND COSTS IS APPROPRIATE.

The Parties jointly move this Court to examine their proposed award of attorney's fees and costs agreed to after arm's-length negotiations, to approve the proposed amount of attorney's fees and costs as fair and reasonable under the lodestar method, and to enter the agreed-to Approval Order.

#### A. The Proposed Amount of Attorney's Fees and Costs is Reasonable.

"Reasonableness is the touchstone of any award of attorney's fees." *Calix v. Ashton Marine LLC*, Nos. 14-2430 and 15-3622, 2016 U.S. Dist. LEXIS 104111, at *5 (E.D. La. July 14, 2016) (Wilkinson, M.J.). The Fifth Circuit typically utilizes the lodestar method to assess reasonable attorney's fees in FLSA cases. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). To apply the lodestar method, courts engage in a two-step process. *Jimenez v. Wood County*, 621 F.3d 372, 379 (5th Cir. 2010). First, the court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates in the community for similar work. *Id.* The reasonable hourly rate is determined by looking at the rates for attorneys of similar caliber practicing in the community. *Johnson v. Big Lots Stores, Inc.*, 639

F. Supp. 2d 696, 701 (E.D. La. June 25, 2009) (Vance, J.). Courts have found that reasonable hourly rates in the Eastern District of Louisiana range between $150 per hour and $300 per hour. *See, e.g.*, *Green v. Administrators of Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002); *Rubio v. C.R. Contrs., LLC*, No. 16-13908, 2017 U.S. Dist. LEXIS 130477, at *7 (E.D. La. Aug. 16, 2017); *Banegas v. Calmar Corp.*, No. 15-593, 2016 U.S. Dist. LEXIS 148687, at *3 (E.D. La. Oct. 26, 2016); *Calix*, 2016 U.S. Dist. LEXIS 104111, at *30; *Smith v. Manhattan Mgmt. Co., LLC*, No. 14-2623, 2016 U.S. Dist. LEXIS 30814, at *7 (E.D. La. Mar. 10, 2016) *Curry v. Lou Rippner, Inc.*, No.14-1908, 2016 U.S. Dist. LEXIS 6580, at *18-19 (E.D. La. Jan. 20, 2016); *Cacho v. Gusman*, No. 11-225, 2014 U.S. Dist. LEXIS 137307, 2014 WL 4854737, at *6 (E.D. La. Sept. 29, 2014); *Guity v. Lawson Envtl. Serv., LLC*, 50 F. Supp. 3d 760, 768-70 (E.D. La. 2014); *Johnson*, 639 F. Supp. 2d at 701.

Once the reasonable rate is determined, the court then multiplies the reasonable hours expended on the litigation by the adjusted reasonable hourly rate to arrive at the lodestar calculation. *Jimenez*, 621 F.3d at 379. Time that is excessive, duplicative, or inadequately documented should be excluded. *Id.* at 379-80. Attorneys are required to exercise billing judgment by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. *Green*, 284 F.3d at 662. In the absence of billing judgment, the court should "reduce the hours awarded by a percentage intended to substitute for the lack of billing judgment." *Walker v. United States HUD*, 99 F.3d 761, 770 (5th Cir. 1996). Additionally, the time spent by attorneys may be reduced if it is clerical in nature or vague. *See Preston Expl. Co., LP v. GSP, LLC*, No. H-08-3341, 2013 U.S. Dist. LEXIS 88786, 2013 WL 3229678, at *9 (S.D. Tex. June 25, 2013); *Smith*, 2016 U.S. Dist. LEXIS 30814, at *8-11. Courts may also deny attorney's fees for "unsuccessful, futile, or wasteful litigation efforts" because such fees are unreasonable. *Calix*,

6

2016 U.S. Dist. LEXIS 104111, at *28-30; *see also, Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 211 (5th Cir. 1998); *Smith*, 2016 U.S. Dist. LEXIS 30814, at *8-9; *Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 799-800 (S.D. Tex. 2009), *aff'd*, 381 F. App'x 449 (5th Cir. 2010); *Johnson*, 639 F. Supp. 2d at 701.

Step two of the lodestar method allows the court to adjust the lodestar calculation upward or downward based on the court's consideration of the factors in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Saizan*, 448 F.3d at 800. The *Johnson* factors include:

> (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney by acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F.2d at 717-19. "[O]f the *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). After *Johnson* was decided, the Supreme Court barred use of the sixth factor regarding whether the fee is fixed or contingent. *See City of Burlington v. Dague*, 505 U.S. 557, 567 (1992). Thus, this factor is no longer considered. The lodestar calculation may not be adjusted due to a *Johnson* factor if the lodestar calculation already took that factor into account. *Calix*, 2016 U.S. Dist. LEXIS 104111, at *6. The Supreme Court also has "repeatedly said that enhancements may be awarded in 'rare' and 'exceptional' circumstances." *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010).

Here, the proposed amount of attorney's fees and costs—$20,000—represents a fair and reasonable compromise of the amount of attorney's fees and costs recoverable using the lodestar method. Considering the *Johnson* factors, the time and labor required for the litigation, the customary fee, and the experience, reputation and ability of the attorneys have already been addressed by the first step of the lodestar calculation. Considering the remaining *Johnson* factors, the $20,000 fee award also accounts for the novelty and difficulty of the questions presented, the skill required to perform the legal services properly, preclusion of other employment by the attorney by acceptance of the case, time limitations imposed by the client or circumstances, the amount involved and the results obtained, the "undesirability" of the case, the nature and length of the professional relationship with the client, and awards in similar cases. The $20,000 fee award also reasonably accounts for the costs incurred by Plaintiffs. After reviewing the timesheets and billing records of Plaintiffs' counsel and considering the *Johnson* factors, the Parties agree that $20,000 in attorney's fees and costs owed to Plaintiffs' counsel is fair and reasonable for this FLSA case resulting in an $5,000 settlement. No fraud or collusion prevents the Court's approval of the proposed amount of attorney's fees and costs.

### B. The Proposed Amount of Attorney's Fees and Costs is Fair and the Product of Arm's Length Negotiations.

The Parties agree that the instant action involves disputed issues. The Parties have taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in such litigation and the likelihood of protracted appellate review. As a consequence of their investigation and analyses, Plaintiffs' counsel has engaged in intensive arm's length negotiations with counsel for Defendants with a view to achieving resolution of the attorney's fees and costs owed. And, after extensive negotiations, all Parties have mutually agreed on the amount of attorney's fees and costs owed.

### i. *Sufficient Discovery has been Conducted.*

As stated above, the Parties have had a full, informed opportunity to review and analyze the timesheets and billing records provided by Plaintiff's counsel. Furthermore, the Parties reviewed and analyzed the objections to the time entries asserted by Defendants. The agreement on the amount of attorney's fees and costs did not occur until Plaintiffs' counsel provided timesheets and billing records to counsel for Defendants. Counsel for the Parties only agreed on the amount of attorney's fees and costs after they possessed sufficient information to make an informed judgment regarding the likelihood of success on the merits and the results that could be obtained through further litigation.

### ii. *Continued Litigation would be Costly, Long and Complex*

The fairness of the proposed amount of attorney's fees and costs is still more clearly appreciated when considered in light of Defendants' defenses and the possibility of Plaintiffs being unable to prove liability. Although Defendants have vigorously contested the allegations in this action to date and deny that it committed any wrongful action or violation of law, they believe nonetheless that further litigation with respect to Plaintiffs' attorney's fees and costs would be protracted, expensive, and contrary to its best interests. The proposed amount of attorney's fees and costs is the product of serious, informed and non-collusive negotiations. Defendants have continued to deny any wrongdoing or legal liability arising out of the conduct alleged in this action. Notwithstanding, Defendants have concluded that it is desirable that the amount of attorney's fees and costs in this matter be resolved in the manner and upon the terms and conditions set forth above in order to avoid the expense, inconvenience, and burden of further legal proceedings, and the uncertainties of continued motion practice and a potential trial and appeals.

Plaintiffs' counsel recognizes the expense and length of a trial in this action against Defendant through possible appeals, which could take several years. Plaintiffs' counsel has also taken into account the time already invested in this case, the uncertain outcome and risk of litigation, especially in statutory actions such as this. Based upon their evaluation, Plaintiffs and Plaintiffs' counsel have determined that the amount of attorney's fees and costs owed is fair and reasonable.

Additionally, Plaintiffs' counsel estimates that a trial of all claims would have lasted multiple days with the possibility that it could run longer depending upon the need for and length of expert testimony. The expense of such a trial and the use of judicial resources and the resources of the Parties would have been substantial. Moreover, in light of the highly contested nature of liability and damages, if any, it is likely that any judgment entered would have been the subject of post-trial motions and appeals, further prolonging the litigation and reducing the value of any recovery. Thus, agreement to the amount of attorney's fees and costs owed is advantageous to all concerned. An appeal could seriously and adversely affect the scope of an ultimate recovery, if not the recovery itself.[1] Thus, avoidance of this unnecessary expenditure of time and resources clearly benefits all Parties.

### C. The Proposed Amount of Attorney's Fees and Costs Resolves a *Bona Fide* Dispute.

Numerous matters are currently in dispute, including the amount of attorney's fees and costs owed and whether attorney's fees and costs are owed. Counsel have vigorously represented their respective clients over these disputes. Now, for the reasons stated above, the Parties desire

---

[1] *See Backman v. Polaroid Corp.,* 910 F.2d 10 (1st Cir. 1990) (class won a jury verdict and a motion for judgment N.O.V. was denied, but on appeal the judgment was reversed and the case dismissed); *Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263 (2d Cir. 1979) (reversal of multimillion dollar judgment obtained after protracted trial); *Trans World Airlines, Inc. v. Hughes,* 312 F. Supp. 478, 485 (S.D.N.Y. 1970), modified, 449 F.2d 51 (2d Cir. 1971), rev'd 409 U.S. 363, 366 (1973) ($145 million judgment overturned after years of litigation and appeals).

to resolve the amount of attorney's fees and costs owed for $20,000. This amount is fair and reasonable and ends the ongoing dispute between these parties without the need for a trial.

## IV. CONCLUSION

In sum, there has been an extensive investigation followed by lengthy, hard-fought negotiations, culminating with experienced counsel on both sides weighing the benefits and costs of the present attorney fee and cost award against the risks and rewards of future litigation. This proposed attorney fee and cost award occurred only after the Parties were able to properly and adequately assess its fairness. As a result of the Parties' efforts, the litigation had reached the stage where "the parties certainly [had] a clear view of the strengths and weaknesses of their cases."[2] Accordingly, for the reasons stated herein, Plaintiffs and Defendants respectfully request that the Court grant approval of the amount of attorney's fees and costs as set forth in the proposed Approval Order.

WHEREFORE, for the reasons stated above and in the Joint Motion to Approve Attorney's Fees and Costs, Plaintiffs, Dominique Hankton and Willie Ray Davis and Defendants, TACI Investments, Inc., Kamal P. Singh, Sanjay Mehra and Reffick Ali, improperly named Refeick Ali, move this Court to approve the amount of attorney's fees and costs owed in this matter.

                                                          Respectfully submitted,

                                                          **ADAMS AND REESE LLP**

                                                          *s/ Adrienne C. May*
                                                          LESLIE A. LANUSSE (No. 14115)
                                                          LAUREN L. TAFARO (No. 29320)
                                                          ADRIENNE C. MAY (No. 35037)
                                                          701 Poydras Street, 4500 One Shell Square
                                                          New Orleans, Louisiana 70139

---

[2] *Bonett v. Education Debt Services, Inc.*, 2003 WL 21658267 (E.D. Pa. May 9, 2003), quoting *In re Warner Communications Sec. Litig.*, 618 F. Supp. 735, 745 (S.D.N.Y. 1985), *aff'd,* 798 F.2d 35 (2d Cir.1986).

Telephone: 504-582-3234
Facsimile: 504-566-0210
Email: leslie.lanusse@arlaw.com
lauren.tafaro@arlaw.com
adrienne.may@arlaw.com

*Counsel for Defendants*, TACI Investments, Inc., Kamal P. Singh, Sanjay Mehra, and Reffick Ali

**AND**

**KENNETH C. BORDES ATTORNEY AT LAW, LLC**

*s/ Kenneth C. Bordes*
Kenneth C. Bordes (No. 35668)
2725 Lapeyrouse Street
New Orleans, Louisiana 70119
Telephone: 504-588-2700
Facsimile: 504-708-1717
Email: kcb@kennethbordes.com

**AND**

**JACKSON, SHIELDS, YEISER & HOLT**

s/ *Joseph R. Bryant*
Gordon E. Jackson* (TN BPR #08323)
Joseph R. Bryant* (TN BPR #33830)
Paula Rachelle Jackson* (TN BPR #20149)
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: 901-754-8001
Facsimile: 901-759-1745
Email: gjackson@jsyc.com
rbryant@jsyc.com
pjackson@jsyc.com

*\*Admitted Pro Hac Vice*

*Counsel for Plaintiffs*, Dominique Hankton and Willie Ray Davis