UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOMINIQUE HANKTON, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 17-6441** |
| **TACI INVESTMENTS, INC., et al.** | **SECTION: "G" (2)** |

## ORDER

On July 1, 2017, Plaintiffs Dominique Hankton and Willie Ray Davis filed a complaint against TACI Investments, Inc. ("TACI"), Kamal P. Singh, Sanjay Mehra, Mohammad H. Tily, and Reffick Ali (collectively "Defendants") for relief under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").[1] Before the Court is a "Joint Motion for Approval of Attorney's Fees and Costs" filed by all parties.[2] Having considered the motion, the memorandum in support, and the record, the Court will grant the motion.

## I. Background

The complaint in this matter was filed on July 1, 2017.[3] The complaint asserted collective action claims on behalf of Plaintiffs and all other current and former similarly situated employees who worked for Defendants as assistant managers at TACI's restaurants.[4] The complaint alleges that Defendants failed to pay Plaintiffs statutorily mandated overtime pay.[5] On October 25, 2017,

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 57.

[3] Rec. Doc. 1.

[4] *Id.* at 2.

[5] *Id.*

1

Plaintiffs filed an amended complaint, which listed four potential classes of plaintiffs.[6] On January 11, 2018, the parties filed a joint "Motion for Expedited Approval of Notice and Consent Forms," seeking conditional certification of a class comprised of assistant managers who worked or were working at TACI's establishments from July 2015 to January 12, 2018.[7] On January 12, 2018, the Court granted the motion.[8] No other plaintiffs opted-in to the suit. On February 8, 2018, Plaintiffs filed a Joint Stipulation dismissing Mohammad H. Tily as a defendant.[9]

On January 2, 2019, Plaintiffs and the remaining Defendants filed a "Joint Motion for Approval of the Settlement and to Dismiss Claims with Prejudice."[10] The parties filed a "Confidential Receipt, Release, & Indemnity Agreement" under seal with Court approval on January 7, 2019.[11] On February 11, 2019, the Court granted the parties' Motion to Dismiss, but ordered that the issue of attorney's fees be referred to the Magistrate Judge if not settled within two weeks of the Court's order.[12]

On February 25, 2019, the parties notified the Court that they had reached an agreement on attorney's fees.[13] On March 8, 2019, the parties filed a "Joint Motion for Approval of Attorney's

---

[6] Rec. Doc. 22. Plaintiffs sought to certify the following classes: (1) managers paid on an hourly basis who performed work off the clock and were not compensated; (2) managers who were misclassified as exempt from FLSA's overtime wage requirements; (3) hourly and salaried managers who received a performance bonus which was not calculated into their regular hourly rate for purposes of calculating the proper overtime rate; and (4) salaried managers at TACI's Gonzales locations who were promised gas money as an incentive to commute from either Baton Rouge or New Orleans. *See id.*

[7] Rec. Doc. 31.

[8] Rec. Doc. 32.

[9] Rec. Doc. 34.

[10] Rec. Doc. 52.

[11] Rec. Doc. 55.

[12] Rec. Doc. 56.

[13] *See* attached correspondence.

Fees and Costs."[14] On April 8, 2019, the Court deferred ruling on the motion pending further briefing as to the parties' calculation of the attorneys' fee award.[15] On April 15, 2019, the parties submitted the supplemental briefing.

## II. Parties' Arguments

The parties contend that they have "reached an agreement on the amount of attorney's fees and costs owed on February 25, 2019."[16] The parties assert that a payment of $20,000.00 to Plaintiffs' counsel is fair and reasonable, with $18,889.35 for attorneys' fees and $1,110.65 for costs.[17] According to the parties, these figures were reached after "intensive arm's length negotiations," and after Plaintiffs' counsel "provided timesheets and billing records to counsel for Defendants."[18] The parties attest that Plaintiffs' counsel spent a total of 173.05 hours working on the case.[19] The parties allege that they are familiar with appropriate billing practices and aver that the typical hourly rate for an FLSA case is $250 to $400.[20] The parties assert, however, that they have agreed to a significantly lower hourly rate of $109.16 per hour, resulting in $18,889.35 in attorneys' fees.[21]

The parties assert that the requested attorney's fees are reasonable and exhibit billing

---

[14] Rec. Doc. 57.

[15] Rec. Doc. 59.

[16] Rec. Doc. 57-1 at 4.

[17] Rec. Doc. 60 at 6.

[18] Rec. Doc. 57-1 at 9.

[19] Rec. Doc. 60-1 at 2.

[20] Rec. Doc. 60 at 7.

[21] *Id.* at 8.

3

judgment.[22] Specifically, the parties note that Plaintiffs' counsel would ordinarily seek an hourly rate of $250 for associates and local counsel and $350 for lead counsel, but Plaintiffs' counsel have agreed to significantly reduce their award by 44.18% from $42,756.25 to $18,889.35 to enable them to settle the matter.[23] The parties also aver that the attorneys' fees calculation does not include the time Plaintiffs' counsel spent in the settlement phase of the lawsuit.[24]

Finally, the parties contend that the requested attorneys' fees take into account the *Johnson* factors as set out by the Fifth Circuit.[25] The parties acknowledge that FLSA cases are rather uncommon in the local community, and require a certain skill, especially in dealing with the statutes utilized in this FLSA suit.[26] The parties allege that Plaintiffs' counsel have these skills and are highly experienced in the area of FLSA cases.[27] The parties also assert that Plaintiffs' counsel have dedicated one and half years to the case and expended significant time in the matter, despite working on a contingency basis and having no guarantee of success.[28]

The parties represent that costs in this case were $1,110.65.[29] The parties contend that the costs include filing fees, *pro hac vice* admission fees, costs association with obtaining *pro hac vice* admission, legal research costs, PACER fees, postage, FedEx costs, travel costs, service of process

---

[22] *Id.* at 6–8.

[23] *Id.*

[24] *Id.* at 5.

[25] *Id.* at 8.

[26] *Id.* at 8–9.

[27] *Id.*

[28] *Id.*

[29] *Id.* at 6.

costs, and photocopy costs.[30]

In support of the motion, the parties submitted a "Declaration of Attorney J. Russ Bryant" executed by Kenneth Bordes, Gordon Jackson, Paula Jackson, and Joseph Russ Bryant, the attorneys for Plaintiffs.[31] Through this declaration, the attorneys verify the accuracy of the costs claimed and hours worked by the attorneys.[32] The declaration also supports the factual allegations of the motion including investigation of the claims, hours spent conferring with clients, discovery, and claims analysis.[33] Based on the foregoing evidence, the parties represent that an award of $18,889.35 in attorney's fees and $1,110.65 in costs is reasonable.[34]

### III. Legal Standard

In actions under the Fair Labor Standards Act, the court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."[35] "Determining a reasonable attorney's fee is a matter that is committed to the sound discretion of a trial judge, . . . but the judge's discretion is not unlimited."[36] The burden is on the plaintiff to demonstrate the amount of attorney's fees, including any adjustment or enhancement.[37] A court abuses its discretion when it awards attorney's fees without "a reasonably specific explanation for all aspects of a fee

---

[30] *Id.* at 6.

[31] Rec. Doc. 60-1.

[32] *Id.* at 2.

[33] *Id.*

[34] *Id.* at 3.

[35] 29 U.S.C. § 216(b).

[36] *Perdue v. Kenny A. ex. rel. Winn,* 559 U.S. 542, 558 (2010) (internal quotations and citations omitted).

[37] *Jackson v. Host Int'l, Inc.*, 426 F. App'x 215, 225 (5th Cir. 2011).

5

determination, including any award of an enhancement."[38]

Courts in the Fifth Circuit engage in a two-step process to assess attorney's fees arising under the FLSA.[39] First, a lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work.[40] "[T]here is a strong presumption that the lodestar figure is reasonable."[41] However, after calculating the lodestar, a district court may decrease or enhance the amount of attorney's fees based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*[42] The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account.[43] Such reconsideration is "impermissible double-counting."[44]

---

[38] *Perdue*, 559 U.S. at 558.

[39] Traditionally, courts have considered the factors set forth in *Johnson v. Georgia. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) when calculating attorney's fees. In *Perdue,* the Supreme Court noted that the *Johnson* factors were "[o]ne possible method" for determining reasonable attorney's fees, but that the factors "gave very little actual guidance to district courts. Setting attorney's fees by reference to a series of sometimes subjective factors placed unlimited discretion in trial judges and produced disparate results." 559 U.S. at 550-51. Since *Perdue*, however, the Fifth Circuit and the Eastern District of Louisiana have continued to weigh the *Johnson* factors when considering whether to decrease or enhance the lodestar in FLSA attorney's fee cases. *See, e.g., Ransom,* 734 F.3d at 388; *Black,* 732 F.3d at 502; *J & J Sports Prods., Ins. V. Evolution Entm't Grp., LLC,* No. 13-5178, 2014 WL 6065601, at *4 (E.D. La. Nov. 12, 2014) (Morgan, J.); *Ahmed v. Bros. Food Mart, et al*., No. 13-5948, Rec. Doc. 33 (E.D. La. Sept. 12, 2014) (Brown, J.).

[40] *Perdue,* 559 U.S. at 546.

[41] *Id.* at 553–54.

[42] *Black,* 732 F.3d at 502 (5th Cir. 2013) (citing *Johnson,* 488 F.2d at 717–19). The *Johnson* factors are: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

[43] *Saizan v. Delta Concrete Products Co.,* 448 F.3d 795, 800 (5th Cir. 2006) (citation omitted).

[44] *Id.*

A lodestar reduction may be warranted by a plaintiff's failure to demonstrate billing judgment following settlement of a FLSA claim. In *Saizan,* the Fifth Circuit explained:

> [p]laintiffs seeking attorney's fees are charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment. Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant. The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgement.[45]

### IV. Analysis

#### A. *Attorneys' Fees*

The parties submit that a calculation of attorney's fees under the lodestar method would be $42,756.25.[46] Yet, in this case, the attorney's fee award of $18,889.35 for 173.05 hours worked is 44.18% less than the lodestar amount and yields a lower hourly rate than standard in the local community. This, combined with the fact that the calculated fees do not include hours expended during the settlement phase, exhibits "billing judgment."[47]

Moreover, application of the *Johnson*[48] factors to the facts of this case leads to the conclusion that the attorney's fees proposed are reasonable and do not merit a further reduction. The parties acknowledge that FLSA cases are rather uncommon in the local community, and require a certain skill, especially in dealing with the statues utilized in this FLSA suit.[49] The parties allege that Plaintiffs' counsel have these skills and are highly experienced in the area of FLSA

---

[45] *Id.* at 799.

[46] Rec. Doc. 60 at 7.

[47] *See Saizan,* 448 F.3d at 800.

[48] *Johnson*, 488 F.2d at 717–19.

[49] Rec. Doc. 60 at 8–9.

7

cases.[50] The parties also assert that Plaintiff's counsel have dedicated one and half years to the case and expended significant time in the matter, despite working on a contingency basis and having no guarantee of success.[51]

Following the dictates of the Fifth Circuit, the Court presumes that the lodestar amount is reasonable[52] and notes that the amount proposed as attorney's fees, $18,889.35 is 44.18% less than the lodestar amount. Having considered the *Johnson* factors, the Court finds the proposed attorney's fees to be reasonable and declines to decrease the attorney's fees further.

**B.     Costs**

Finally, the parties assert that costs in this matter total $1,110.65.[53] In an action against an employer for unpaid minimum wages or unpaid overtime wages, the Court "shall . . . allow . . . costs of the action."[54] There being agreement among the parties to the costs claimed by Plaintiffs, the Court approves the award for costs.

---

[50] *Id.*

[51] *Id.*

[52] *See Perdue,* 559 U.S. at 553-54.

[53] Rec. Doc. 42 at 9.

[54] 29 U.S.C. § 216(b)

## V. Conclusion

For the reasons stated above, the Court finds that the award for attorneys' fees and costs is reasonable. Therefore, the Court approves the agreement. Accordingly,

**IT IS HEREBY ORDERED** that the "Joint Motion for Approval of Attorney's Fees and Costs"[55] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this __22nd__ day of April, 2019.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[55] Rec. Doc. 57.